**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

TVO HOSPITALITY LLC

Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY

Defendant.

**NOTICE OF REMOVAL**

Defendant, Westchester Fire Insurance Company ("Westchester") through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the District Court, County of Denver, Colorado to the United States District Court for the District of Colorado. As grounds, Defendant states as follows:

1.      Westchester is the Defendant in a civil action pending in the District Court, Denver County, Colorado and styled *TVO Hospitality v. Westchester Fire Insurance Company,* Case No. 2021 CV 032060. A complete copy of the file from the Denver County District Court is attached as **Exhibits A-E.** Specifically, the proof of service of process from CT Corporation is **Exhibit A**, the Complaint is **Exhibit B**, the Delay Deduction Order is **Exhibit C**, the Pre-Trial Order is **Exhibit D**, Pennsylvania Department of State Information is **Exhibit E,** and the register of actions is **Exhibit F**. The Federal Civil Cover sheet is **Exhibit G**.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. Defendant was served with a copy of the Complaint on July 19, 2021. *See* **Exhibit E.** Accordingly, Defendant's thirty-day period for removal commenced on that date, with a corresponding deadline to remove of August 18, 2021.

3. The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Plaintiff alleges the following claims for relief against Defendant: (1) breach of contract, and (2) common law bad faith.

## DIVERSITY OF CITIZENSHIP

5. As alleged in the Complaint, Plaintiff is a domestic limited liability corporation organized under the laws of Colorado. **Exhibit B,** ¶1. An attachment to the Complaint indicates that the Plaintiff is a limited liability corporation organized under the laws of Delaware. Defendant is a foreign corporation organized under the laws of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania. *See* Pennsylvania Department of State Information attached as **Exhibit E.** As Plaintiff is alleged to be a citizen of Colorado or, alternatively Delaware, and Defendant is a citizen of Pennsylvania, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS

6. To meet the jurisdictional requirement under 28 U.S.C. § 1332, Defendant must establish that Plaintiff's damages could exceed $75,000.00 exclusive of interest and costs.

Plaintiff's Complaint alleges (1) breach of insurance contract; (2) common law bad faith. **Exhibit B** at ¶¶ 27-41.  Plaintiff alleges it is owed insurance benefits for damages related to the mismanagement of two hotel properties. At ¶¶ 21-22 of the Complaint Plaintiff alleges that the damages related to the mismanagement of hotel properties total of $191,468.65 and $844,119.54 respectively. Additionally, at ¶ 34 of its Complaint, Plaintiff alleges that as a direct and proximate result of Defendant's denial of coverage Plaintiff has "incurred over one million dollars in damages." **Exhibit B** at ¶ 34.

7. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008).  Here, the allegations of Plaintiff's Complaint provide that Plaintiff seeks to recover for damages in excess of $1,000,000 which demonstrates that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

8. Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

9. Promptly upon filing this Notice of Removal, Defendant shall give written notice of the filing to Plaintiff as required by law.  Defendant is concurrently filing a notice attaching this Notice of Removal with the Clerk of the District Court, Denver County, Colorado where this action was originally filed. A copy of that notice is attached hereto as **Exhibit H.**

WHEREFORE, Defendant Westchester requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 18th day of August, 2021.

                    CLYDE & CO. US LLP

/s/ Amy M. Samberg
Amy M. Samberg, #42999
2301 Blake Street, Suite 100
Denver, CO 80205
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Amy.Samberg@clydeco.us
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that, on the 18th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Armin Sharifi, Esq.
Colorado Law Center, LLC
4155 East Jewell Avenue, Suite 200
Denver, CO 80210
Telephone: (719) 360-1020
armin@colawcenters.com
***Attorney for Plaintiff***

    */s/ Rachel Salabak*
    Rachel Salabak