| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: June 30, 2021 2:39 PM<br>FILING ID: DDBB3ED52CA39<br>CASE NUMBER: 2021CV32060 |
| **Plaintiff:**<br><br>TVO Hospitality LLC<br><br>v.<br><br>**Defendant:**<br><br>Westchester Fire Insurance Company | ▲COURT USE ONLY▲ |
| **Attorney for Plaintiff:**<br>Armin Sharifi, Atty. Reg. No. 50161<br>Colorado Law Center, LLC<br>4155 East Jewell Avenue, Suite 200<br>Denver, CO 80210<br>Office: (719) 360-1020<br>E-mail: Armin@colawcenters.com | **CASE NO.:**<br><br>**DIV:** |
| **COMPLAINT** | |

Plaintiff, TVO Hospitality LLC "Plaintiff", by and through undersigned counsel, submits this Complaint for breach of contract and pursuant to Colo. Rev. Stat. § 13-51-1115, *et seq*, and alleges the following against Defendant Westchester Fire Insurance Company "Defendant" or "Westchester"):

## PARTIES

1. Plaintiff, TVO Hospitality LLC, is a Colorado domestic limited liability corporation with its principal place of business in Colorado Springs, Colorado.

2. Defendant, Westchester Fire Insurance Company, a division of Chubb, is a foreign insurance company authorized to do business in Colorado.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action as a court of general jurisdiction pursuant to Colo. Const. Art. VI § 9 and pursuant to Colo. R. Civ. P. 57, and the Colorado Uniform Declaratory Judgments Law, Colo. Rev. Stat. § 13-51-101, *et seq.*, under

**EXHIBIT B**

1

which Plaintiff is entitled to seek a declaration of Westchester's obligations under the contract of insurance it issued to Plaintiff.

4. Venue is appropriate in this Court pursuant to C.R.C.P. 98(c).

## THE INSURANCE POLICY

5. In exchange for substantial premium payments, Westchester issued TVO North America a "claims-made" miscellaneous professional liability policy ("the Policy") providing an aggregate limit of $1,000,000 in coverage for the policy period of December 12, 2016, through December 31, 2017.

6. The Policy applied retroactively to November 1, 2008, and had an extended reporting date of December 31, 2018.  A true copy of the Policy, with all applicable amendments and endorsements, is attached hereto as Exhibit A and incorporated herein by reference.

7. TVO North America, LLC is the Named Insured listed on the Policy.  Until it ceased operations in 2017, TVO North America was a national real estate management and property-services company.  On December 31, 2016, the Parties added by endorsement two additional Insureds: TVO Groupe, LLC and TVO Management Services, LLC. Exhibit A, at PF-19178.  Additional Insureds include any subsidiary of TVO North America, and any past or present managing member or principal of TVO North America or any subsidiary.

8. Under the Policy, Westchester agreed to pay for "damages" and "claims expenses" that the Insured became legally obligated to pay because of a "claim" first made against the Insured by reason of a "wrongful act" committed on or before the retroactive date.  *See* Exhibit A, at 1.

9. The Policy covers professional service negligence, errors, or omissions—defined as "wrongful acts" in the Policy—committed "in the performance as a property manager, construction manager, hotel manager and facilities manager for others." *See* Exhibit A, at 3, PF-19205.

10. The Policy defines "damages" in relevant part as "any compensatory amount the Insured is legally obligated to pay because of a claim," and includes judgments, awards, settlements, post-judgment interest, punitive and exemplary damages.  *See* Exhibit A, at 2.

11. The Policy definition of "claim" in relevant part is a written demand, civil or arbitration proceeding, a civil or administrative investigation, brought "against any Insured for monetary or non-monetary damages." *Id*. at 2-3.

# FACTUAL BACKGROUND

12. This breach of contract action is based on Westchester's wrongful failure and refusal to provide TVO with coverage under the Policy for covered Claims brought against the Insured because of the mismanagement of hotels.

13. Plaintiff TVO Hospitality LLC is owned by ASI Capital, LLC ("ASI Capital"). ASI Capital is a Colorado-based private equity firm and shareholder of two partnership entities, HD High Desert Investors, LP, and HD Sunland Park Property, LLC (collectively, "the Owners").

14. High Desert Investors, LP, owns the Hilton Garden Inn (the "Hilton Garden Inn"), located at 111 University Avenue in El Paso, Texas. HD Sunland Park Property, LLC owns the Country Inn & Suites (which later converted to a Holiday Inn), located at 900 Sunland Park Drive in El Paso, Texas (the "Country Inn & Suites") (collectively, "the Hotels").

15. The Owners entered into Hotel Management Agreements with two TVO-affiliated property management companies. Copies of relevant excerpts from the Hotel Management Agreements for the Hilton Garden Inn and the Country Inn & Suites are attached hereto as Exhibits B and C, respectively, and incorporated herein by reference.

16. Pursuant to the Hotel Management Agreements, the Hilton Garden Inn was managed and operated by TVO Management Services, and the Country Inn & Suites was managed and operated by then-TVO-subsidiary TVO Hospitality LLC.

17. The Hotel Management Agreements gave the management companies agency authority to operate, maintain and manage the Hotels. The Hotel Management Agreements specifically obligated the management companies to operate the Hotels in accordance with applicable franchise agreements, comply with all local and state laws, pay property and other taxes on behalf of the hotels, and make all required lease or mortgage payments.

18. On or around October 25, 2017, shareholders in the Owners became aware of significant cash shortfalls impairing the operation of both Hotels, and subsequently initiated an internal investigation and audit of the financial and bank records. The investigation revealed that the TVO-affiliated management companies had been, in addition to misappropriating and commingling property funds, failing to meet their management obligations under the Hotel Management Agreements. As a result, TVO suffered substantial damages.

## THE INSURANCE CLAIM

19. On November 15, 2017, TVO reported the mismanagement of the Hotels to Westchester and submitted a claim, Claim Number KY17K2400706, for insurance benefits under the Policy. A true copy of the Claim is attached hereto as Exhibit D and incorporated herein by reference.

20. In the following months, TVO submitted to Westchester two amended claims to include further audit and investigation findings. The amended claims included evidence of the mismanagement, an accounting of the damages, copies of the written demands for payment, evidence of lawsuits filed against the Owners and property managers for unpaid taxes, and copies of local news articles demonstrating harm to the reputation of the Hotels. True copies of Amended Claim are attached hereto as Exhibits E and F and incorporated herein by reference.

21. The damages related to the mismanagement of the Hilton Garden Inn, stemming from the failure to pay city and county occupancy taxes and make payments on the land lease with the University of Texas, totaled $191,468.65. *See* Exhibit E.

22. The damages related to the mismanagement of the Country Inn & Suites, stemming from the failure to pay city and county occupancy taxes and make payments on the loan associated with the property (the "Calmwater loan"), totaled $844,119.54. *Id.*

23. In addition, TVO learned that the management companies failed to pay the franchise fees as required under the Hotel Management Agreements, and in response the franchisors filed suit against the Hotels and the Owners. *See* Exhibit F.

24. TVO Management Services acted negligently in its performance of professional services, as property and hotel manager of the Hilton Garden Inn, when it failed to pay occupancy taxes, failed to make payments land lease payments, and failed to pay franchise fees, thereby encumbering the property, breaching the Hotel Management Agreement, and leaving TVO with significant liability.

25. Then-TVO-subsidiary TVO Hospitality LLC acted negligently in its performance of professional services, as property and hotel manager of the Country Inn & Suites, when it failed to pay occupancy taxes, failed to make Calmwater loan payments, and failed to pay franchise fees, thereby breaching the Hotel Management Agreement, and leaving TVO with significant liability.

26. As a result of the negligence committed by the management companies in the mismanagement of the Hotels, TVO has incurred substantial costs, including late charges, default interest, penalty interest, exit fees, court costs, attorneys' fees, and other fees.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

27. TVO realleges and incorporates the preceding paragraphs of this Complaint as if fully restated here.

28. Westchester entered into a legally binding written contract of insurance with TVO when Westchester issued the Policy to TVO.

29. In the Policy, Westchester agrees to pay "all sums" that the Insured becomes legally obligated to pay as "damages" because of a claim made against the Insured by reason of negligence, error, or omission committed by the Insured or by an entity for whom the Insured is liable.

30. TVO reported a timely claim to Westchester under the Policy for damages TVO was legally obligated to pay as the result of negligence and/or errors committed by an Insured when the Insured neglected to pay tax liabilities, loan payments, lease payments, and franchise fees.

31. TVO performed its obligations under the Policy and satisfied all conditions precedent to coverage.

32. TVO's Claim for these expenses is covered under the Policy as outlined herein and not excluded.

33. By failing and refusing to provide coverage to TVO under the Policy, Westchester breached its contractual obligations to TVO.

34. As a direct and proximate result of Westchester's contractual breaches, TVO was and continues to be deprived its insurance coverage benefits and has incurred over one million dollars in damages, as set forth in detail in Exhibit E.

35. Plaintiff is entitled under the applicable statutes to judgment in its favor and against Defendant on its First Claim for Relief, including prejudgment interest, reasonable attorneys' fees and court costs in accordance with applicable law.

## SECOND CLAIM FOR RELIEF: COMMON LAW BAD FAITH

36. TVO realleges and incorporates the preceding paragraphs of this Complaint as if fully restated here.

37. Under Colorado law, an insurer owes its insured a duty of good faith and fair dealing.

38. An insurer breaches its duty of good faith and fair dealing when it unreasonably delays or denies benefits.

39. Westchester breached its common law duty of good faith by failing to conduct a prompt and thorough investigation of TVO's Claim, and by unreasonably delaying the payment or denial of benefits under the Policy.

40. As a direct and proximate result of Westchester's actions, TVO has incurred substantial costs to cover claims expenses, has not received Policy benefits to indemnify it for the loss, suffered and will continue to suffer incidental and consequential damages.

41. Plaintiff is entitled under the applicable statutes to judgment in its favor and against Defendant on its Second Claim for Relief, including covered benefits, prejudgment interest, and reasonable attorneys' fees and costs in accordance with applicable law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments in favor of TVO and against Defendant on TVO's two claims for relief; enter a declaration of the rights of the parties under the Policy; enter a judgment awarding TVO its damages sustained as a result of Defendant's breach of the Policy and its duty of good faith and fair dealing; enter a judgment awarding TVO pre-judgment interest and post-judgment interest under applicable law, as well as reasonable attorneys' fees and court costs; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of June by:

Colorado Law Center, L.L.C.
*/s/ Armin Sharifi*
Armin Sharifi, Esq.