# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02242-NYW

TVO HOSPITALITY LLC,

      Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY,

      Defendant.

---

## ORDER TO SHOW CAUSE

---

Magistrate Judge Nina Y. Wang

      This case has been directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). Upon review of the Notice of Removal [#1], the court is not satisfied that Defendant has established complete diversity of citizenship of the Parties in this case.

      Defendant invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . ." *See* [#1 at ¶ 3]. A federal court must satisfy itself as to its own jurisdiction, and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed having not first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

The Notice of Removal alleges that Defendant "is a foreign corporation organized under the laws of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania." [#1 at ¶ 5]. Thus, Defendant is a citizen of the state of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). However, with respect to Plaintiff's citizenship, Defendant alleges the following:

> As alleged in the Complaint, Plaintiff is a domestic limited liability corporation organized under the laws of Colorado. Exhibit B, ¶ 1. An attachment to the Complaint indicates that the Plaintiff is a limited liability corporation organized under the laws of Delaware. . . . Plaintiff is alleged to be a citizen of Colorado or, alternatively Delaware.

[#1 at ¶ 5].

In the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), for purposes of determining jurisdiction, a limited liability company is an unincorporated association and takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Critically, "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Id.* at 1237-38; *see also Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321 (10th Cir. 2016). Because Plaintiff is a limited liability company, its state of organization is not indicative of its citizenship for diversity jurisdiction. Defendant must affirmatively identify all the members of Plaintiff and provide the court with those members' citizenship. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Villanuevo v. Lowe's Home Centers, LLC*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016) (issuing order to show cause where the limited

liability company defendant had not identified its members or the citizenship of those members and the court could therefore not determine whether the court had diversity jurisdiction); *cf. Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (plaintiff must "*distinctly* and *affirmatively*" allege citizenship of each of limited partnership's general and limited partners to establish diversity jurisdiction) (emphasis in original)).

Because the Notice of Removal makes no mention of Plaintiff's members or their respective citizenships, Defendant's allegations are presently insufficient for the court to assure itself of diversity jurisdiction. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."). Accordingly, **IT IS ORDERED** that:

(1)　　Defendant is **ORDERED TO SHOW CAUSE** in writing and on or before **September 7, 2021**, why this case should not be remanded to state court for lack of federal subject matter jurisdiction.

DATED: August 24, 2021　　　　　　　　BY THE COURT:

 

 

Nina Y. Wang
United States Magistrate Judge