IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02242-WJM-NYW

TVO HOSPITALITY LLC,

    Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This case is before the court *sua sponte* pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated October 21, 2021. [Doc. 19]. This case was initiated on June 30, 2021, when Plaintiff TVO Hospitality LLC ("TVO" or "Plaintiff") filed its Complaint in District Court, Denver County, Colorado, asserting claims for breach of contract and common law bad faith. *See* [Doc. 3]. On August 18, 2021, Defendant Westchester Fire Insurance Company ("Westchester" or "Defendant") removed the case to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* [Doc. 1 ("Notice of Removal")]. Upon removal, the Clerk of the Court advised the parties that "all attorneys and unrepresented parties must enter an appearance under D.C.COLO.LAttyR 5(a). An attorney must be an active member of this court's bar and be in good standing in accordance with D.C.COLO.LAttyR 3." [Doc. 2].

Finding the allegations in the Notice of Removal insufficient for the court to assure itself of diversity jurisdiction, on August 24, 2021, the undersigned ordered Defendant to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. [Doc. 8 ("Order to Show Cause")]. On September 7, 2021, Defendant responded to the Order to Show

1

Cause [Doc. 10] and the court subsequently discharged the same [Doc. 13].  On September 22, the court entered an Order setting a Scheduling Conference for October 27, 2021, and directed the Parties to file a Proposed Scheduling Order on or before October 20, 2021.  [Doc. 14].  Notably, at that time, counsel for Plaintiff had not yet filed his entry of appearance with this court.

On October 20, 2021, Defendant filed a document captioned "Defendant's Request for Continuance of Scheduling Conference and Issuance of Order to Show Cause to Plaintiff, in Lieu of Submission of a Scheduling Report and Proposed Scheduling Order" ("Motion to Continue") [Doc. 18].  In the Motion to Continue, Defendant represented that, on October 5, 2021, its counsel communicated with counsel for Plaintiff, who "confirm[ed] that Plaintiff TVO Hospitality LLC, a Colorado entity, had lost its 'good standing.'  However, he insisted that circumstance would be 'cured' soon."  [Doc. 18 at 2].  Additionally, according to Defendant, "Plaintiff's counsel also acknowledged that Plaintiff TVO Hospitality LLC, a Colorado entity, was not a party to the contracts at issue in the action for which coverage is sought, but stated he would shortly provide Westchester with documents establishing [P]laintiff's relationship to TVO Hospitality LLC, a Delaware entity, and by extension its right to bring this suit."  [*Id.*].  Following the October 5 meeting, however, Defendant stated that its counsel had been attempting to communicate with Plaintiff's counsel to no avail, including that Plaintiff's counsel has "not respond[ed] to any of Westchester's counsel's emails, did not provide any proof that Plaintiff is in good standing, and did not provide the promised documents which establish Plaintiff's relationship to TVO Hospitality LLC, a Delaware entity, and by extension its right to bring this action."  [*Id.* at 3].  Based on the foregoing representations, Defendant requested that the court (1) continue the October 27, 2021 Scheduling Conference, and (2) "issue an Order to Show Cause to Plaintiff to

adequately address these issues and explain why dismissal of this action is not appropriate." [*Id*. at 3–4].

On October 22, 2021, the undersigned granted in part and denied in part the Motion to Continue, and reset the Scheduling Conference for December 7, 2021 at 9:30 a.m. [Doc. 22]. The undersigned noted that, "[t]o the extent that Defendant is seeking an Order to Show Cause, attorney representation for Plaintiff has not been made on the record and thus it is inappropriate for the court to intervene and issue an Order to Show Cause on the basis of Defendant's representation alone." [*Id*.]. On November 10, 2021, attorney Armin Sharifi finally entered his appearance on behalf of Plaintiff. *See* [Doc. 24]. On December 1, the Parties jointly filed a proposed Scheduling Order in anticipation of the Scheduling Conference. *See* [Doc. 25]. In the Scheduling Order, Defendant again claims that "Plaintiff is not a party to either of the Hotel Management Agreements which give rise to the loss for which coverage is sought" in this case, and "to date, no documents establishing the relationship of those two entities have been provided to Defendant, despite Plaintiff's counsel's repeated assurances that they would be informally produced." [Doc. 25 at 4–5]. On December 7, 2021, the undersigned held the telephonic Scheduling Conference where counsel for Defendant was present. However, counsel for Plaintiff failed to call in despite this court's Order [Doc. 22]. In addition, the court's attempt to contact counsel for Plaintiff did not yield his participation nor did Plaintiff's counsel contact the court, to the best of its knowledge.

It is well settled that corporations and similar business entities (e.g., partnerships, limited liability companies, etc.) must appear in this Court through a licensed attorney. *See Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556–57 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); D.C.COLO.LAttyR 5(b) ("Where the client of a

withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity."). In addition, Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

As mentioned above, in the Motion to Continue [Doc. 18], Defendant claimed that "Plaintiff's counsel … acknowledged that Plaintiff TVO Hospitality LLC, a Colorado entity, was not a party to the contracts at issue in the action for which coverage is sought, but stated he would shortly provide Westchester with documents establishing [P]laintiff's relationship to TVO Hospitality LLC, a Delaware entity, and by extension its right to bring this suit." [Doc. 18 at 2]. Based on Defendant's representation at the Scheduling Conference, it appears to the court that Plaintiff has yet to produce this information to Defendant. Indeed, in the proposed Scheduling Order [Doc. 25], Defendant again claims that "Plaintiff is not a party to either of the Hotel Management Agreements which give rise to the loss for which coverage is sought" in this case. [Doc. 25 at 4]. Defendant's assertions continue:

> Plaintiff acknowledges the Hotel Management Agreement for the subject Hilton Garden Inn was entered into by non-party TVO Management Services. No coverage is sought by TVO Management Services in this action, and any allegations of losses caused by or to TVO Management Services are irrelevant to the scope of coverage sought for TVO Hospitality LLC, a Colorado entity. … The Hotel Management Agreement for the subject Country Inn & Suites was entered into by non-party TVO Hospitality LLC, a Delaware entity. Plaintiff acknowledges that

4

> TVO Hospitality LLC, a Colorado entity, is owned by ASI Capital, LLC ("ASI Capital"), a shareholder in the hotel entities which allegedly were mismanaged. Plaintiff asserts that TVO Hospitality LLC, a Colorado entity, is entitled to seek coverage for losses allegedly sustained by TVO Hospitality LLC, a Delaware entity. However, TVO Hospitality LLC, a Colorado entity, and TVO Hospitality LLC, a Delaware entity, have had an overlapping existence and, **to date, no documents establishing the relationship of those two entities have been provided to Defendant, despite Plaintiff's counsel's repeated assurances that they would be informally produced**. As a result, a significant issue as to whether Plaintiff is a proper party to assert claims against Westchester exists.

[*Id*. at 4–5 (emphasis added)]. Plaintiff also makes certain representations in the proposed Scheduling Order regarding the relationship between the two TVO entities, including a reference to "Hotel Management Agreements with two TVO-affiliated property management companies." *See* [*id*. at 3–4]. Plaintiff does not, however, directly address the relationship, if any, between TVO Hospitality LLC, a Colorado entity, and TVO Hospitality LLC, a Delaware entity. Further, in the Undisputed Facts section of the proposed Scheduling Order, the Parties agree that the following facts are undisputed:

- The Policy terms;

- That both Plaintiff TVO Hospitality LLC, a Colorado entity, and non-party TVO Hospitality LLC, a Delaware entity exist(ed);

- **That the Hotel Management Agreement for the subject Country Inn & Suites was entered into by non-party TVO Hospitality LLC, a Delaware entity**; and

- **That the Hotel Management Agreement for the subject Hilton Garden Inn was entered into by non-party TVO Management Services**.

[Doc. 25 at 7 (emphasis added)].[1]

---

[1] Defendant also raised the issue of venue in the proposed Scheduling Order:

> Even if Plaintiff has the right to bring the stated claims, a threshold issue exists as to whether this Court is the correct venue for this suit. The site of the subject losses and witnesses to the pertinent events surrounding those losses are located in El

Moreover, Plaintiff's failure to appear at the Scheduling Conference is unacceptable, and there is as of yet no on-the-record explanation for Plaintiff's counsel's failure to appear. Plaintiff had actual knowledge of the Scheduling Conference; counsel for Plaintiff signed the proposed Scheduling Order, *see* [Doc. 25 at 12], which identified the date and time of the Scheduling Conference, [*id*. at 1]. Further, as mentioned above, this case was removed to this court on August 18, 2021 and yet remains substantially in the same procedural posture today as it was on the day it was removed. The court cannot continually delay and defer resolution of this matter to accommodate Plaintiff's failure to comply with the Local Rules of Civil Practice and orders of this court.

Accordingly, **IT IS ORDERED** that:

(1)   **On or before December 15, 2021**, Plaintiff shall show cause, if any there be, why this court should not recommend dismissal pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to appear for the December 7, 2021 Scheduling Conference set by the court's October 22, 2021 Minute Order; and

(2)   **On or before December 15, 2021,** Plaintiff shall produce to Defendant the documents establishing the relationship of TVO Hospitality LLC, a Colorado entity, and TVO Hospitality LLC, a Delaware entity, including the "Hotel Management Agreements" that Plaintiff references in the proposed Scheduling Order.

DATED: December 7, 2021                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

Paso, Texas. Accordingly, Defendant reserves the right to seek transfer of this action to a more convenient court for this dispute.

[*Id*. at 5].