**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-2242-WJM-STV

TVO HOSPITALITY LLC,

 Plaintiff,
v.

WESTCHESTER FIRE INSURANCE COMPANY,

 Defendant.

**ORDER ADOPTING MAY 11, 2023, RECOMMENDATION OF MAGISTRATE JUDGE**

 This matter is before the Court on the May 11, 2023, Recommendation of United States Magistrate Judge Scott T. Varholak ("Recommendation") (ECF No. 72) that the Court deny Plaintiff TVO Hospitality, LLC's ("Plaintiff" or "TVOH Colorado") Motion for Substitution of Real Party of [*sic*] Interest Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure (ECF No. 52).  On May 24, 2023, Plaintiff timely filed an objection to the Recommendation ("Objection") (ECF No. 76), and on June 6, 2023, Defendant Westchester Fire Insurance Company ("Defendant") filed a response to the Objection (ECF No. 80).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).

 For the reasons explained below, the Court overrules the Objection, adopts the Recommendation in full, and denies the Motion.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual and procedural history contained in the Recommendation.  (ECF

No. 72 at 1–7.) The Court reiterates only those facts necessary to rule on the Objection.

Defendant issued an insurance policy to TVO North America, LLC on December 31, 2016. (ECF No. 72 at 1.) Under the provisions of the policy, numerous TVO entities are also insureds. (*See id.* at 1–2.) Among these insureds is non-party TVO Hospitality LLC, an unincorporated Delaware business entity ("TVOH Delaware"). (*Id.* at 2.) Over the course of approximately six months in 2017, non-party ASI Capital acquired TVOH Delaware and is now its sole owner. (*Id.* at 3.) ASI Capital formed a new entity—also called TVO Hospitality LLC—in Colorado, apparently with the intent of merging this new entity with TVOH Delaware so that the surviving entity would be based in Colorado. (*See id.*) This merger never occurred, and ASI Capital remains the sole owner of two extant TVO entities: TVOH Delaware, which is an insured under the policy issued by Defendant; and TVOH Colorado, which is the plaintiff in this action and which is not an insured under the policy. (*Id.* at 2–4.)

Defendant represents it informed Plaintiff that it was not the proper party to bring this action at least as early as the Rule 26(f) meeting on October 5, 2021. (*Id.* at 16.) The Motion was filed on November 1, 2022.

## II. THE RECOMMENDATION

Judge Varholak began his analysis with the issue of standing because it "bears on this Court's jurisdiction." (ECF No. 72 at 8 (citing *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 8113 (10th Cir. 2021), *cert. denied* 142 S. Ct. 1228 (2022)).) This is a claim for failure to pay an insurance claim. (*Id.* at 9.) And Judge Varholak first notes that "Plaintiff has not shown or alleged that [it] has ever been

2

a named insured under the Policy, a subsidiary of a named insured, or the assignee or successor in interest to any named insured or subsidiary thereof." (*Id.* at 10.) Despite this, Plaintiff maintained that it has standing because it shares a parent company with a similarly named entity that *is* an insured. (*Id.*) Neither Plaintiff's parent company nor its identically-named sibling company are parties to this action. (*Id.* at 10–11.) Because Plaintiff has not been injured by Defendant's alleged failure to pay, Judge Varholak ruled Plaintiff lacks standing.

Judge Varholak next considered the impact of Plaintiff's lack of standing on the Court's power to rule on the Motion. (*Id.* at 11–14.) In canvassing the sparse law on this area, Judge Varholak notes that the rule announced in *Zurich Insurance Company v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002), is apparently the majority rule. (ECF No. 72 at 11–13.) On the other hand, as Judge Varholak notes, *Zurich* has been "met with some criticism." (*Id.* at 13 (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.,* 790 F.3d 411, 423 (2d Cir. 2015).) And most importantly, when the Tenth Circuit had the opportunity to adopt the *Zurich* rule in *Esposito v. United States*, 368 F.3d 1271 (10th Cir. 2004), it chose not to do so. (*Id.* at 13–14.)

Judge Varholak ultimately determined that he did not need to decide whether to adopt the *Zurich* rule because Plaintiff had failed to satisfy the requirements of Rule 17(a). (*Id.* at 14.) He first considered whether the failure to name to the correct plaintiff was an "honest mistake" within the meaning of Rule 17(a). (*Id.* at 15–17.) Though the Tenth Circuit has said that a mistake need not be "understandable" to be "honest," it specifically "d[id] not foreclose the possibility that a party's mistake in naming the plaintiff . . . could be so inexplicable and irrational as to raise an inference that it was not

3

an 'honest' mistake." *Esposito*, 368 F.3d at 1276–77. Judge Varholak ultimately could not conclude that "Plaintiff's unexplained 11-month[1] delay in seeking to" substitute the correct plaintiff was an honest mistake. (ECF No. 72 at 16–17.)

Judge Varholak next considered whether naming the incorrect plaintiff prejudiced Defendant. (*Id.* at 17–19.) Because "Defendant's primary defense of this case to date has been the Plaintiff . . . has no claim under the Policy"; "[a]ll of the discovery in this case has been directed against Plaintiff" rather than the true party in interest; and "[d]iscovery has now closed[,] and the dispositive motions deadline has passed," Judge Varholak concluded that substituting a new plaintiff "at this late date would require essentially starting the case over, resulting in significant expense and prejudice to Defendant." (*Id.* at 19.)

Accordingly, Judge Varholak recommended denying the Motion. (*Id.*)

### III. LEGAL STANDARD

To determine the standard of review, the Court must determine whether the Motion is "dispositive." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). Neither 28 U.S.C. § 636 nor Rule 72 provide an exhaustive list of what motions are dispositive. *Id.* And while some motions—like motions to dismiss or for summary judgment—are dispositive by their nature, others can fall into either category, depending on the context in which they are brought. *Id.* ("[M]otions not designated on their face as one of those excepted in subsection (A) [of Rule 72] are nevertheless to be treated as such a motion when they have an identical effect.") In this action, because there is no dispute that Plaintiff is not an insured, and therefore not a proper party,

---

[1] By the Court's calculation, the delay was actually *thirteen* months (from October 5, 2021 to November 1, 2022), but this discrepancy has no bearing on the Court's ruling.

4

denial of the Motion would "constitut[e] the involuntary dismissal of an action within the meaning of section 636(b)(1)(A)." *Id.* at 1463.  Indeed, when Defendant argues that it is entitled to summary judgment because Plaintiff is not an insured, Plaintiff's only response is that the Motion—if granted—will "cure this defect."  (ECF No. 165 at 10.) Therefore, the Court reviews the Recommendation *de novo.*

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

## IV. PLAINTIFF'S OBJECTION

The Objection presents two arguments: (1) that naming the wrong party as plaintiff was an honest mistake; and (2) that substituting the proper plaintiff will not prejudice Defendant.

### A.     Honest Mistake

As to honest mistake, Plaintiff emphasizes that the critical question under Tenth Circuit law is whether it engaged in "deliberate tactical maneuvering."  (ECF No. 76 at 4); *see Esposito*, 368 F.3d at 1276.  As Plaintiff sees it, the record clearly shows it did not engage in deliberate tactical maneuvering.  (ECF No. 76 at 4–5.)  It argues that since filing this action, Plaintiff's "former" counsel[2] consistently maintained and was truly

---

[2] The Court refers to Mr. Sharifi as Plaintiff's former counsel despite him remaining counsel of record in this action.  As Judge Varholak correctly points out, withdrawal of counsel is effective only upon the Court's order (ECF No. 72 at 16; citing D.C.COLO.LAttyR 5(b)); however, the Court acknowledges Plaintiff's representation that Mr. Sharifi is no longer involved in the day-to-day work on this action.  (*See* ECF No. 76 at 4.)

under the impression that TVOH Colorado was the proper plaintiff in this action. (*Id.* at 2–4.) And even though it was obvious that this belief was incorrect, Tenth Circuit law "suggests that even a mistake that should have been patently obvious does not automatically foreclose a later substitution, so long as the plaintiff did not act in bad faith and the defendant has not been prejudiced thereby." *Esposito*, 368 F.3d at 1276. Plaintiff attributes additional delay in filing the Motion to "former" counsel's "problematic" behavior during which he was "essentially unreachable for extended periods of time and failed to communicate any relevant explanation for his behavior" to anyone. (ECF No. 76 at 5.)

Defendant insists that Plaintiff engaged in the kind of deliberate tactical maneuvering prohibited by *Esposito*. (ECF No. 80 at 7–9.) In Defendant's view, Plaintiff is attempting a sleight of hand that the Court should not countenance. (*Id.*) In support, Defendant points out minor differences in how Plaintiff has described the failure to merge TVOH Delaware into TVOH Colorado. (*Id* at 7–8.)

The Court views this as a close question. On the one hand, it is plausible that Plaintiff's "former" counsel was merely mistaken, as Plaintiff suggests. On the other, Plaintiff knew for more than a year that it was not the correct party and failed to correct that significant problem. This conduct is difficult to explain and certainly irrational. And Tenth Circuit law permits a court to infer the mistake was not "honest" from such conduct. *Esposito*, 368 F.3d at 1276–77. Nor does the apparent fact that Plaintiff's current counsel apparently would have made different tactical decisions detract from the Court's finding that "former" counsel's conduct—though misguided—was deliberate.

Therefore, the Court overrules the Objection to the extent it asserts naming

6

TVOH Colorado as the plaintiff was an honest mistake.

**B.    Tangible Prejudice**

The honest mistake and tangible prejudice requirements are conjunctive. *See Esposito*, 368 F.3d at 1276. Because the Court has already overruled the Objection with respect to the honest mistake requirement, it need not consider prejudice to Defendant to adopt the Recommendation and deny the Motion. Regardless, because analysis of the prejudice requirement further affirms the Court's view, it briefly discusses the prejudice Defendant would incur by substituting TVOH Delaware for TVOH Colorado at this late hour.

As Judge Varholak clearly and concisely explained,

> Defendant's primary defense of this case to date has been that Plaintiff TVO Colorado has no claim under the Policy. All of the discovery in this case has been directed against Plaintiff TVO Colorado. Discovery has now closed[,] and the dispositive motions deadline has passed. For a new plaintiff to be substituted in at this late date would require essentially starting the case over, resulting in significant expense and prejudice to Defendant.

(ECF No. 72 at 19 (citations omitted).) The Court agrees and gives particular weight to the fact that discovery was directed at Plaintiff, rather than the TVOH Delaware. *See Williams v. Am. Family Mut. Ins. Co.*, 2021 WL 1192947, at *4 (D. Colo. March 30, 2021) (discussing the prejudice that "can arise by allowing a third party to join a lawsuit"). While it is true that Defendant was "well aware" of the proper plaintiff, without discovery it is not necessarily true that it was fully apprised of the "critical issues" in this action. *Cf. Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (permitting joinder of an additional plaintiff).

The Objection is overruled with respect to tangible prejudice.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 72) is ADOPTED IN FULL;

2. Plaintiff's Objection (ECF No. 76) is OVERRULED; and

3. Plaintiff's Motion for Substitution of Real Party of [*sic*] Interest Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure (ECF No. 52) is DENIED.

Dated this 22nd day of June, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge