**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-2242-WJM-STV

TVO HOSPITALITY LLC,

    Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Currently before the Court is Defendant Westchester Fire Insurance Company's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (ECF No. 58.)  Plaintiff TVO Hospitality LLC filed a response (ECF No. 65), and Defendant filed a reply (ECF No. 67).  The Court assumes the parties' familiarity with the Court's recent Order Adopting the May 11, 2023, Recommendation of Magistrate Judge Scott T. Varholak.  (ECF No. 81.)

**I. LEGAL STANDARD**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the

nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. MATERIAL FACTS[1]

Plaintiff is one of two entities named TVO Hospitality LLC, both of which are owned by non-party ASI Capital.  (ECF No. 81 at 2.)  The older of these two entities, which the Court refers to as TVOH Delaware, is insured under a policy issued by Defendant.  (*Id.*)  Plaintiff, which the Court refers to as TVOH Colorado, was formed after the date the insurance policy was issued and is not an insured under the policy's terms.  (*See id.*)  Further, TVOH Colorado is neither an assignee nor successor in interest of TVOH Delaware's rights under the policy. (*Id.* at 3.)  In short, Plaintiff is a complete stranger to the policy that is the basis for this action.

In response to the Motion, Plaintiff "[a]dmit[s] that TVOH Colorado [is] not the proper party."  (ECF No. 65 at 5.)

## III. ANALYSIS

Plaintiff brings two claims in this action: (1) breach of contract and (2) common law bad faith breach of an insurance contract.  (ECF No. 3 at 5–6.)  Being a party to the

---

[1] The following factual summary is largely based on the factual background the in the Court's Order adopting Judge Varholak's May 11, 2023, Recommendation.  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.  Facts disputed by the parties are noted as such.

insurance policy (*i.e.*, being an insured) is a necessary element of both claims.  *See Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004) ("First-party bad faith cases involve an insurance company refusing to make or delaying payments owed directly to its insured."); *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 2003) (listing elements of a breach of contract claim, including "existence of a contract" between the parties).

Because there is no dispute that Plaintiff is not an insured, and the Court recently denied Plaintiff's motion to substitute TVOH Delaware as the plaintiff (ECF No. 81), the Court finds there is no dispute of material fact and Defendant is entitled to judgment as a matter of law.  Therefore, the Motion is granted.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Westchester Fire Insurance Company's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 58) is GRANTED;

2. The Clerk shall enter judgment in favor of Defendant and against Plaintiff;

3. Defendant shall have its costs, if any, upon compliance with D.C.COLO.LCivR 54.1; and

4. The Clerk shall terminate this action.

Dated this 23rd day of June, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

4